FELICE JOHN VITI, Acting United States Attorney (7007)
JOSEPH M. HOOD, Assistant United States Attorney (13536)
Attorneys for the United States of America
Office of the United States Attorney
20 North Main Street, Suite 208
St. George, Utah 84770
Telephone: (435) 634-4279
Email: joseph.hood@usdoj.gov

_____

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> GREGORY AARON FARLEY, <br><br> Defendant. | **UNITED STATES' POSITION REGARDING DETENTION** <br><br><br> Case No. 4:25-mj-00044-PK-1 |

☐   The United States is not seeking detention.

☐   Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast track program, which includes agreeing to detention for the pendency of this case.

☒   The United States moves for detention based on current information.  The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence.  The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention.  The United States' motion for detention is:

☒  Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

   ☒  **(A**) a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B)

   (specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☒ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

    **OR**

☐ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

  ☐ **(A)** a serious risk the defendant will flee; **or**
  ☐ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

### Procedure

  The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id*. The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id*. The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

## Rebuttable Presumption

☐ A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption. The United States acknowledges that it retains the burden of persuasion. The statutory presumption applies:

☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

**(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

**(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; *and*

**(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

☐ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

**Factors to Be Considered**

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☒  The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device. (18 U.S.C. § 3142(g)(1)).

The United States proffers the following facts derived from the law enforcement in this case:

On May 3, 2025, U.S. Park Rangers Matthew Brantley and Donald Plassman were driving in a patrol vehicle. Both rangers are law enforcement officers who were working a shift at the Glen Canyon National Recreation Area. Around 7:25 p.m[1]., dispatch received a call reporting erratic driving and behavior by someone in a white pickup truck near Lone Rock Beach at Lake Powell.

At 7:47 p.m., the rangers conducted a traffic stop on a white GMC Sierra Denali pickup truck matching the description that the 911 caller provided. The traffic stop occurred on Highway 89 near Lake Powell in Utah. Gregory Aaron FARLEY was driving the truck. While speaking with FARLEY, Ranger Brantley referenced an interaction he had with FARLEY the previous day. At 7:48:51 p.m., while Ranger Brantley was speaking with him at the door, FARLEY drove away and fled the scene of the traffic stop.

The rangers returned to their patrol vehicle and followed FARLEY. While returning to the vehicle, Ranger Plassman stated, "he almost hit me." Below is an approximate timeline of the pursuit:

> a. 7:49:22 p.m.: According to the rangers' statements recorded on bodycam, FARLEY turned around, began driving in the rangers' direction, and swerved at the rangers' vehicle.
> b. 7:49:44 p.m.: The rangers turned around and continued following FARLEY.
> c. 7:50:20 p.m.: Ranger Plassman stated that FARLEY was driving "extremely erratically, headed toward Page." The rangers also commented that FARLEY was swerving and appeared intoxicated based on glassy eyes and driving

---

[1] The times referenced herein are Pacific (Arizona) time.

behavior.

d. 7:50:44 p.m.: A ranger stated that FARLEY had swerved off the road and hit the dirt.

e. 7:50:55 p.m.: Ranger Plassman (passenger) said to Ranger Brantley (driver), "Make sure you get out of his way." At this point, FARLEY had turned around and was again headed in the rangers' direction.

f. 7:51:01 p.m.: FARLEY collided with the rangers' truck on the driver's side, sending the rangers' truck into the shoulder of the road, causing the air bags to be deployed, and rendering the driver's side door inoperable. FARLEY then backed up his truck. FARLEY's truck was facing the direction of the rangers' truck. Ranger Brantley exclaimed, "get me out," and exited through the passenger door.

After FARLEY hit the rangers' truck and backed up, both rangers fired their weapons at FARLEY. Other officers arrived on the scene. At 8:38:26 p.m., FARLEY exited the truck. Officers rendered medical aid and arrested FARLEY.

☒ The weight of evidence against the defendant. (18 U.S.C. § 3142(g)(2)).

☒ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings. (18 U.S.C. § 3142(g)(3)(A)).

☐ Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law. (18 U.S.C. § 3142(g)(3)(B)).

☒ The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release. (18 U.S.C. § 3142(g)(4)).

☐ The defendant's lack of legal status in the United States. The defendant's legal status is:

☐ How the defendant would be subject to removal or deportation after serving a period of incarceration.

☐ The defendant's significant family or other ties outside of the United States.

☐ The defendant's use of aliases or false documents.

☐ The defendant's prior attempts to evade law enforcement.

☐ How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

☐ The defendant's prior failures to appear for court proceedings.

☐ Other reasons including:

## Victim Notification

☒ The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

    The position of the victim(s) on the detention of the defendant is:

    ☒ The victim(s) in this matter seek(s) a no contact order.

☐ This matter does not involve a victim requiring notification.

DATED this 5th day of May, 2025.

FELICE JOHN VITI
ACTING UNITED STATES ATTORNEY

_____
JOSEPH M. HOOD
Assistant United States Attorney